IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS C. MESSINA,<br><br>   **Plaintiff,**<br><br>v.<br><br>JEREMIAH BROWN, J.B. PRITZKER, ANTHONY WILLS, LATOYA HUGHES, and WEXFORD HEALTH SOURCES, INC.,<br><br>   **Defendants.** | Case No. 24-cv-2245-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Thomas C. Messina, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard and Lawrence Correctional Centers. Messina's Complaint, alleging deliberate indifference to his need for medical care for a back injury, was dismissed without prejudice for failure to state a claim (Docs. 1 and 12), but Messina was granted leave to file an amended pleading. In his First Amended Complaint (Doc. 16), Messina again alleges that the defendants acted with deliberate indifference to his need for medical care in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Messina alleges that over the course of two days at Menard, he was beaten by tactical offices (Doc. 16, p. 5). After the assault, Messina was transferred numerous times. He was transferred to Stateville, Lawrence, back to Menard, and then back to Lawrence, where he is currently housed (*Id*. at pp. 6-7). From January 2021 to the present, Messina suffered from a significant back injury he sustained during the assault (*Id*. at p. 6). Although he requested care for his injuries, he never received any medical care, and his condition has continued to deteriorate (*Id*.). He suffers from swelling in his spine as well as herniated, bulging, and deteriorating discs (*Id*.). Messina alleges that he has sought bone fusion surgery, proper medications, and proper permits to alleviate his symptoms.

As to Jeremiah Brown, warden of Lawrence Correctional Center, Messina alleges that Brown has failed to respond to his requests for help with his medical needs (Doc. 16, p. 2). Messina alleges that as warden, Brown is in charge of protecting all inmates and supervising staff members (*Id*.). Messina wrote numerous letters to Brown about his back pain. Messina alleges that Brown acknowledged receipt of those letters and has responded to him on numerous occasions (*Id*.). Brown responded on each occasion noting that he had informed the healthcare unit of Messina's medical needs (*Id*.). Brown also labeled Messina's grievances regarding his medical needs as an emergency (*Id*. at p. 2). But Messina alleges that Brown should have done more to inform healthcare staff of his needs (*Id*.).

Messina also alleges that he informed Governor J.B. Pritzker of his injuries. He wrote letters to the governor's office (*Id*. at p. 3). In response, Messina acknowledges that the

governor's office sent emails to the warden of Lawrence informing the warden of Messina's complaints regarding his medical needs and his allegations that those needs were not being met (*Id.*). Messina asserts, however, that Pritzker could have ensured that the warden referred Messina to medical staff for care (*Id.*). Messina argues that an email to the warden was not enough because he did not receive any care in response to the email (*Id.*).

Messina also alleges that Anthony Wills failed to obtain medical care for Messina (Doc. 16, p. 3). Wills was the warden of Menard while Messina was housed there and had a duty to supervise inmates and the prison staff (*Id.* at p. 4). Messina wrote letters and verbally spoke to Wills about his back pain (*Id.*). Wills also deemed Messina's grievance regarding his medical care an emergency (*Id.*). But Messina alleges that Wills simply deemed the grievance an emergency but took no further action to order staff to provide medical care for Messina (*Id.*).

As to Latoya Hughes, Messina alleges that as acting director of IDOC Hughes was responsible for overseeing all of the prisons. Messina wrote letters to Hughes's office about the warden's responses. Messina alleges that the office wrote a reply, but that Hughes took no further action to order the wardens to provide Messina with medical care (*Id.* at pp. 4-5).

Finally, Messina alleges that Wexford Health Sources, Inc. had a policy or practice of allowing outside appointments to be canceled on numerous occasions (Doc. 16, p. 5). Messina alleges that he had medical writs while at Menard and Lawrence, but those writs were canceled or delayed on numerous occasions (*Id.*).

## Discussion

As in the original Complaint, Messina fails to state a viable claim. Although Messina alleges that he was denied medical care for his back injuries, he has again only identified high

3

ranking officials who did not personally participate in his medical care. Instead, Messina alleges that they are liable because they either act as supervisors who can force medical staff to provide medical care or responded improperly to his grievances. But as the Court previously noted in dismissing Messina's original Complaint, a denial or mishandling of a grievance does not amount to deliberate indifference. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008). Similarly, the wardens, director, and governor cannot be liable simply because of their high-ranking positions, because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). *See also Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009).

Messina was previously reminded that to state a viable claim each defendant must be aware of his need for care and personally involved in his care (Doc. 12, p. 4). In an effort to demonstrate that the defendants were aware of his need for care, Messina now alleges that he wrote letters to each of them. But Messina still fails to allege that those officials acted with deliberate indifference in response to his letters. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) ("deliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it"). In fact, Messina acknowledges that he received responses to his letters. Further, he alleges that officials noted that they had informed medical staff of Messina's need for care. There are simply no allegations suggesting that any of the officials acted with deliberate indifference in response to Messina's letters. Thus, Messina fails to state a claim against Wills, Brown, Pritzker, and Hughes.

As to Wexford Health Sources, Inc., Messina once again fails to allege that he was denied or delayed care because of a policy or practice of the corporation. He merely states in conclusory fashion that Wexford had a policy or practice that allowed outside appointments to be canceled. He fails to allege what the policy actually was, only noting that on a number of occasions his medical writs were canceled for unknown reasons. Messina fails to allege that the cancelation of his medical writs was due to a Wexford policy. He also fails to allege when he was scheduled for writs, what medical care he was set to have while on the writ, or who canceled the writ. *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (A successful complaint generally alleges "the who, what, when, where, and how…"). Messina's conclusory statements are not enough to state a claim.

Thus, Messina again fails to state a viable claim. This is Messina's second attempt to state a viable claim regarding his medical care, and he has been unable to do so. The Court finds that further amendment would be futile.

## Disposition

For the reasons stated above, Messina's First Amended Complaint is **DISMISSED with prejudice**. The dismissal counts as one of Messina's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Messina is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Thus, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Messina wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Messina does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the

appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Messina may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: April 15, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**